# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER PHILPOT,** | : | **CIVIL NO. 1:CV-12-1088** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **SCI-CAMP HILL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Walter Philpot, an inmate currently confined at the State Correctional Institution in Greensburg, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983 with a *pro se* complaint on June 8, 2012, naming as Defendants his former place of confinement, the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"), SCI-Camp Hill's Medical Staff and Classification Department, and several individuals employed there.[1] (Doc. 1.) In the complaint, Plaintiff makes several complaints about the conditions at SCI-Camp Hill.

Defendants have filed two motions to dismiss the complaint, arguing that Plaintiff has failed to state a claim against the individual Defendants and that

---

[1] The Defendants named in the complaint are as follows: SCI-Camp Hill, CO Coresetter, Sgt. Snooki, Medical Staff and Classification Dept., and W. Kinstow. (Doc. 1.) In their motions to dismiss, Defendants assert that no individuals with those names are employed at SCI-Camp Hill, but they ascertained that Plaintiff's complaint refers to Justin Kerstetter, John Snook, and Faith E. Kinslow. (Doc. 20 at 1 n.1.) The court will refer to Defendants by the names identified by Defendants in their motions to dismiss.

Plaintiff's claims against SCI-Camp Hill and the Medical Staff and Classification Department are barred by the Eleventh Amendment. (Doc. 20.) For the reasons set forth below, the court will grant the motions to dismiss the complaint.

I.  **Background**

A.  **Facts**

In the complaint, Plaintiff provides the following factual background with respect to his claims. The court notes that for purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

Plaintiff claims that Defendant SCI-Camp Hill gave him a medical pass with his cellmate's name on it that somehow resulted in Plaintiff missing four or five meals over a two-month time period. (Doc. 1 at 2.)

Plaintiff also claims that Defendant Snook served him with a false misconduct report that was written by Corrections Officer Lewis.[2] (*Id.*) In this misconduct report, Plaintiff was charged with the cost of a blue shirt that had been "tampered with" and that Plaintiff had already been wearing for four months. (*Id.*) Plaintiff alleges that

---

[2] Corrections Officer Lewis is not a named Defendant.

Defendants Snook and Kerstetter told him that they knew that the misconduct charges were false. (*Id.*)

Finally, Plaintiff claims that Defendant Kinslow did not properly advise him of the programming at SCI-Camp Hill available to him. (*Id.* at 3.) He further claims that Defendant Kinslow placed him in a sex offender program rather than one for drug and alcohol treatment. (*Id.* at 3.) He claims that he was assigned to the sex offender program even though such placement was not recommended by his sentencing judge. (*Id.*)

B.  **Procedural History**

Plaintiff filed his complaint on June 8, 2012. (Doc. 1.) By order dated June 27, 2012, the court directed service of the complaint. (Doc. 9.) On August 28, 2012, Defendants SCI-Camp Hill, Kerstetter, Snook, and Medical Staff and Classification Department filed a motion to dismiss the complaint. (Doc. 16.) Defendant Kinslow filed a motion to dismiss the complaint on September 12, 2012. (Doc. 19.) A joint brief in support of the motions to dismiss was filed by all Defendants on September 12, 2012. (Doc. 20.) Plaintiff filed a brief in opposition on September 25, 2012. (Doc. 24.) Plaintiff filed further responses on October 5, 2012, and October 24, 2012. (Docs. 25 & 28.) Defendants filed a reply brief on October 12, 2012. (Doc. 27.) Thus, the motions to dismiss are ripe for disposition.

## II.    **Standard of Review**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 550 U.S. at 555; *accord, e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005); *see also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does

4

not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007); *accord* Phillips, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007); *see Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. However, a court is "not bound to accept as true a

legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at

555). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations

contained in the complaint, exhibits attached to the complaint and matters of public

record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192,

1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263,

268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that

a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are

based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.

Additionally, "documents whose contents are alleged in the complaint and whose

authenticity no party questions, but which are not physically attached to the pleading,

may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d

Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d

383, 388 (3d Cir. 2002) ("Although a district court may not consider matters

extraneous to the pleadings, a document *integral to or explicitly relied* upon in the

complaint may be considered without converting the motion to dismiss into one for

summary judgment.") (internal quotation omitted). However, the court may not rely

on other parts of the record in making its decision.  *Jordan v. Fox, Rothschild,*

*O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the

complaint liberally and draw fair inferences from what is not alleged as well as from

what is alleged.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v.*

*Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to

less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 127 S.

Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before

dismissing a civil rights complaint that is merely deficient.  *See, e.g.*, *Fletcher-Harlee*

*Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v.*

*Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116

(3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of

bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d

Cir. 2004).

**III.**    **Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[3] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from § 1983 liability. *Id.*

In their motions to dismiss, Defendants argue that (1) Plaintiff has failed to state a claim against the individual Defendants, and (2) Plaintiff's claims against Defendants SCI-Camp Hill and the Medical Staff and Classification Department are barred by the Eleventh Amendment. The court will discuss these arguments in turn.

---

[3] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

**A.** **Claims Against Individual Defendants**

**1.** **Defendants Snook and Kerstetter**

As stated above, in the complaint Plaintiff avers that Defendants Snook and Kerstetter told him they knew that the misconduct charge filed against Plaintiff by Corrections Officer Lewis were false. In their motion to dismiss, Defendants Snook and Kerstetter argue that Plaintiff has failed to state a due process claim against them related to this allegedly false misconduct charge. Upon review, the court agrees with Defendants.

The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. *Freeman v. Rideout*, 808 F.2d 949, 952-54 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988). As long as an inmate charged with misconduct has been afforded the procedural due process protections required by the United States Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539 (1974), an allegation that he was falsely accused does not state a claim for a violation of his constitutional rights, at least where the false charges are not alleged to have been filed in retaliation for the inmate's exercise of a constitutional right. *Flanagan v. Shively*, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), *aff'd mem.*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993); *Wilson v. Maben*, 676 F. Supp. 581, 584 (M.D. Pa. 1987) ("When an inmate charged with misconduct has been afforded the procedural due

9

process protections required by *Wolff* . . . , an allegation that he was falsely accused does not state a claim for a violation of his constitutional rights under § 1983). The general rule, as stated in *Freeman*, is a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff . . . has the right not to be deprived of a protected liberty interest without due process of law." *Freeman*, 808 F.2d at 951. Consequently, where a prisoner is provided due process, no constitutional violation results from his being falsely accused of misconduct.

In the instant case, Plaintiff does not allege in his complaint that Defendants Snook and Kerstetter issued a misconduct in retaliation for Plaintiff's exercise of a protected right. Rather, he alleges that Corrections Officer Lewis, not a named Defendant, falsified a misconduct report, purportedly for no apparent reason other than to obtain money from Plaintiff for a shirt he had been wearing for four months. Even assuming that Defendants Snook and Kerstetter knew of, and acquiesced in, the issuance of the alleged false misconduct, *see Rode*, 845 F.2d at 1207-08, this allegation that Plaintiff was falsely accused, without more, fails to state a civil rights claim. *See Flanagan*, 783 F. Supp. at 931-32. Further, Plaintiff does not allege that he was denied an institutional disciplinary hearing or an opportunity to present evidence to refute the charge. Consequently, there are no factual allegations of

10

wrongdoing that would rise to the level of a constitutional deprivation in order to support a claim of false misconduct charges. Thus, Plaintiff has failed to state a claim upon which relief may be granted.[4] The motion to dismiss will be granted as to this claim, and Defendants Snook and Kerstetter will be dismissed as parties in this action.

## 2. **Defendant Kinslow**

As stated above, in the complaint Plaintiff avers that Defendant Kinslow placed him in a sex offender program even though the sentencing judge did not recommend such programming. He also asserts that Defendant Kinslow placed him in a sex offender program rather than in a drug and alcohol treatment program. In her motion to dismiss, Defendant Kinslow argues that Plaintiff has failed to state a claim related to placement in rehabilitative or educational programming. Upon review, the court agrees with Defendant Kinslow.

It is well-established that individuals serving criminal sentences have no constitutional right to rehabilitation while in prison. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (inmate has no legitimate statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials); *Quijada v. Bledsoe*, No. 1:08-CV-2022, 2011 WL 1303224, at *9 (M.D. Pa. Mar. 31, 2011) ("It is . . . well-settled that

---

[4] Since Plaintiff has failed to state a constitutional violation, amendment would be futile. *See Fletcher-Harlee Corp.*, 482 F.3d at 252.

prisoners do not have a constitutionally protected right to rehabilitative and education programs") (citing *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1997); *Padgett v. Stein*, 406 F. Supp. 287, 296 (M.D. Pa. 1975); *Hayes v. Cuyler*, 475 F. Supp. 1347, 1350 (E.D. Pa. 1979)). Further, many courts have held that prisoners have no constitutional right to various rehabilitative programs including drug treatment, employment, or other rehabilitation, education or training programs while in prison. *See Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995); *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 1002 (D. Del. 1995).

Here, in light of this well-established law, Plaintiff's claim that his rights were violated when he was assigned unwanted rehabilitation and denied requested rehabilitation fails to state a cognizable civil rights claim. Thus, the motion to dismiss will be granted as to this claim, and Defendant Kinslow will be dismissed as a party in this action.[5]

## B. Claims Against SCI-Camp Hill and the Medical Staff and Classification Department

As stated above, in his complaint Plaintiff claims that Defendant SCI-Camp Hill gave him a medical pass with his cellmate's name on it that somehow resulted in Plaintiff missing four or five meals over a two-month time period. It is unclear as to

---

[5] Since Plaintiff has failed to state a constitutional violation, amendment would be futile. *See Fletcher-Harlee Corp.*, 482 F.3d at 252.

what allegations in his complaint relate to Defendant Medical Staff and Classification Department. Regardless, in their motion to dismiss, Defendants argue that any claims against these two entities are barred by the Eleventh Amendment. Upon review, the court agrees with Defendants.

The Eleventh Amendment is a jurisdictional bar that deprives federal courts of subject matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). It provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As developed, the Eleventh Amendment affords states immunity from suits brought by citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503-04 (3d Cir. 2001).

It is well-settled that the Commonwealth of Pennsylvania's Department of Corrections (and thus, SCI-Camp Hill and Medical Staff and Classification Department) is a state agency, *Lavia v. Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000), and because it is "a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity," *Id.* (citing 71 Pa.

Cons. Stat. § 61). There are only three "narrowly circumscribed" exceptions to

Eleventh Amendment immunity: (1) abrogation by Act of Congress; (2) waiver by

state consent to suit; and (3) suits against individual state officials for prospective

relief to remedy an ongoing violation of federal law. *M.A. ex rel. E.S. v. State-*

*Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 345 (3d Cir. 2003) (citing *MCI*

*Telecomm. Corp.*, 271 F.3d at 503)).

Further, it is well-settled that neither a state nor its agencies are considered a

"person" as that term is defined under § 1983 and, therefore, are not subject to § 1983

suit. *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991). In *Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state

agencies are not "persons" subject to liability in § 1983 action brought in federal

court. The Court noted that a § 1983 suit against a state official's office was "no

different from a suit against the state itself." *Id*. at 71. "*Will* establishes that the State

and arms of the State, which have traditionally enjoyed Eleventh Amendment

immunity, are not subject to suit under § 1983 in either federal or state court."

*Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit Court of Appeals held that in determining whether

a state agency is entitled to Eleventh Amendment immunity, a federal court should

consider: (1) whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors. *Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against SCI-Camp Hill and the Medical Staff and Classification Department, institutions within a state agency (the Pennsylvania Department of Corrections), would have to be paid out of the Pennsylvania state treasury. Furthermore, SCI-Camp Hill and the Medical Staff and Classification Department receive all their funding from the state, and do not enjoy any measure of autonomy. Therefore, under *Will* and *Bolden*, SCI-Camp Hill and the Medical Staff and Classification Department are not "persons" for the purpose of § 1983, and therefore, are not properly named Defendants. As such, the motion to dismiss as to the claims against these Defendants will be granted and they will be dismissed as parties in this action.

The court notes, too, that Plaintiff is seeking injunctive relief against SCI-Camp Hill and the Medical Staff and Classification Department. Specifically, Plaintiff seeks an order (1) barring Defendants from transferring him back to SCI-Camp Hill or allowing him to come into contact with SCI-Camp Hill staff; and (2) directing

15

Plaintiff's "classification at Graterford for the rest of my life if I come back to prison."

(Doc. 1 at 4.)  While Defendants SCI-Camp Hill and the Medical Staff and

Classification Department are insulated against Plaintiff's claims for monetary

damages, there is an exception to Eleventh Amendment immunity for purposes of

injunctive relief.  *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d

Cir. 2002) (stating that "suits against individual state officers for prospective

injunctive and declaratory relief to end an ongoing violation of federal law" constitute

an exception to Eleventh Amendment immunity).  Here, however, as these Defendants

are not individual state actors, they retain Eleventh Amendment immunity.[6]

## IV.   Conclusion

For the reasons set forth herein, the motions to dismiss will be granted.  In

addition, Plaintiff will not be permitted to file an amended complaint.  An appropriate

order will issue.

Öæ^åk¼ô[ç^{ à^¦ÁI Á€GFGÈ              s/Sylvia H. Rambo
                                      United States District Judge

___

[6]  Even assuming Plaintiff seeks this injunctive relief from the individual Defendants, as noted herein, Plaintiff has failed to state a constitutional claim against the individual Defendants. Consequently, any claim for injunctive relief against the individual Defendants would be denied. Moreover, as it is well established that a prisoner "has no justifiable expectation that he will be incarcerated in any particular prison," *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976), Plaintiff's requests regarding placement in specified institutions would be denied.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER PHILPOT,** | : | **CIVIL NO. 1:CV-12-01088** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **SCI-CAMP HILL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT**:

1) The motions to dismiss (Docs. 16 & 19) are **GRANTED**.

2) The Clerk of Court is directed to **CLOSE** this case.

3) Any appeal from this order is **DEEMED** frivolous and not taken in good

faith. *See* 28 U.S.C. § 1915(a)(3).


                              s/Sylvia H. Rambo
                              United States District Judge

Dated:  November 14, 2012.

17